**COLDWELL–GILDARD CO. et al. v. STAFFORD CO.**

(District Court, D. Massachusetts. June 10, 1913.)

No. 156 (C. C. 683).

PATENTS (§ 328*)—REISSUE—VALIDITY AND INFRINGEMENT—STOP MOTION FOR LOOMS.

    The Coldwell and Gildard reissue patent, No. 11,923 (original No. 637,-234), for a warp stop motion for looms, claim 19, is void, as not for the same invention disclosed in the original patent. Claims 23 and 25 *held* valid and infringed.

In Equity. Suit by the Coldwell-Gildard Company and others against the Stafford Company for infringement of reissue patent No. 11,923

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
    205 F.—59

(original No. 637,234), granted to Coldwell and Gildard July 30, 1901, for a warp stop motion for looms. Decree for complainants.

See, also, 197 Fed. 568, and 202 Fed. 744.

Fish, Richardson, Herrick & Neave, of Boston, Mass., for complainants.

William A. Copeland, of Boston, Mass., and Wilmarth H. Thurston, of Providence, R. I., for defendant.

BROWN, District Judge. This cause was remanded to this court for proceedings in accordance with the opinion of the Circuit Court of Appeals, dated January 30, 1913. 202 Fed. 744. In that opinion it is stated:

"The reissue is invalid as to claim 19, and all claims substantially broader than claim 23. It is not within our province to go through all these numerous claims, and sift out the result of our conclusion. Therefore we leave it to the District Court to work out the details of that character."

The complainant moves for a decree upon claims 23 and 25, withdrawing all other claims, and thereby releases this court from working out details of claims withdrawn. I find nothing in the opinion of the Circuit Court of Appeals inconsistent with the entry of a decree for the complainant as to claim 23.

It is urged by the defendant that claim 23 should be limited by reading into it all that is shown in Fig. 5, including the contact roller, and that, thus limited, it is not infringed. This is entirely unsound, and is contrary to the decision of the Circuit Court of Appeals that claim 23, which omits the roller, is valid as a reissue claim. This contention is also precluded by the language of the Circuit Court of Appeals:

"They do not cover stop-motion combinations, and they are not limited to a particular kind of drop-bar. They concern the location of the drop-bars in whatever form they may be, and the capability of free movement with reference to the avoiding of chafing of the threads."

It is also inconsistent with the position taken by the defendant upon the former hearing of this case in this court—that the reissue claims were directed to a combination which has to do solely and simply with the location and arrangement of the drop-bars with relation to the lease rods and with relation to the warp threads, or to the crossing planes of warp threads produced by the lease rods.

Furthermore, I find in the opinion of the Circuit Court of Appeals nothing which requires any modification of the previous opinion of this court as to anticipation or infringement of claim 23. Infringement of this claim was conceded, and is apparent upon a mere inspection of the drawings illustrating complainant's and defendant's devices. Though claim 23 may be regarded as extremely limited, nevertheless the defendant is within this claim.

The finding of the Circuit Court of Appeals that the reissue is invalid for all claims substantially broader than claim 23 now requires this court to determine whether claim 25 is of this character.

The primary question, however, is whether claim 25 is a valid reissue claim.

We may take claim 19 as an example of what is not a valid reissue claim, and should be guided by the reasons for holding it invalid. The Court of Appeals says:

"Consequently the whole goes back to what was thus pointed out by Fig. 5, and the broad claim of No. 19 was beyond anything the Patent Office could have found to be a part of the patentee's improvement," etc.

What was "thus pointed out" was the "subcombination" shown in the drawings, particularly in Fig. 5, as distinguished from a warp stop-motion combination.

Claim 23 is valid, because it is for a subcombination pointed out in Fig. 5. Claim 25 differs from claim 23 principally in that the guides which position the drop-bars are not included as an element. The claim does not seem to go beyond what is shown in Fig. 5, but omits the specific guides there shown, while claiming such a location of the drop-bars as allows a free vertical movement.

All this conforms to the substance of what is pointed out in Fig. 5, and if the test of the validity of the reissue claim is that applied as to claim 19, it does not seem to me that claim 25 is invalid.

I do not understand that the expression "substantially broader than claim 23" is intended to deprive the patentee of the right to different claims which are properly based upon the disclosures of Fig. 5.

Claim 23 is referred to as an example illustrative of a claim which withstands the test of validity, rather than as itself the test of the validity of the claims. The validity of all the reissue claims depends primarily upon what was in the prior application and in the petition for reissue.

Ordinarily the test of the validity of a claim is the subject-matter of the invention or application, rather than another claim; and as the question of the validity of the reissue of claims other than 19 and 23 was left open for further examination, I am of the opinion that the same tests must be applied to claim 25 as to claim 19 and claim 23.

With this understanding of the opinion and the decree of the Circuit Court of Appeals, the fact that claim 25 might cover drop-bars with some other means of positioning them, which, for that function, are the equivalent of the guides, would not make this claim substantially broader than claim 23, so far as the right to reissue is concerned.

I am of the opinion that there is no substantial enlargement by claim 25 of what is shown in Fig. 5 of the original application. The case was fully presented at the original hearing, and upon the complainant's motion for a decree there was an opportunity for oral argument, and ample time was given for the preparation of briefs. The defendant's counsel submitted a brief of 29 pages. The matter was also orally argued at length upon the defendant's motion of April 15th.

I find no sufficient reason for a further hearing, or for an enlargement of the present record by the taking of further testimony.

As I read the opinion of the Circuit Court of Appeals, it contains no intimation that further proofs should be required. At the oral argument upon defendant's motion of April 15th an opportunity was afforded to present arguments based upon the present record. So far as paragraph 5 of said motion calls for another or further hearing, the

request contained therein is denied. The motion is denied, also, as to the matters set forth in paragraphs 1, 2, 3, 4, and 6.

A decree should be entered holding claim 19 invalid, and claims 23 and 25, respectively, valid and infringed.

The complainant having filed a draft decree, the defendant may file corrections thereof on or before June 17, 1913.